UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NOT FOR PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 08 2006 ★
BROOKLYN OFFICE

OZZIE WILKINS,

        Plaintiff,

-against-

MR. L,

        Defendant.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

06-CV-1914 (ARR)

ROSS, United States District Judge:

Plaintiff Ozzie Wilkins, appearing *pro se*, brings this complaint under 42 U.S.C. § 1983 alleging violations of the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment. The court grants plaintiff's request to proceed *in forma pauperis* but dismisses the complaint for the reasons set forth below.

Background

Plaintiff alleges that he resides in a home for the elderly at 2316 Surf Avenue in Brooklyn, the Surf Manor Home for Adults, but that his home is in North Carolina. Plaintiff alleges that defendant Mr. L, who works at the Surf Manor, "cash[es his check] and take out for rent and food, he do this on the 1st of each month. The balance of the check he hold it and give Wilkins $20.00." Complaint at ¶ V. Plaintiff alleges that he cannot visit his family in North Carolina based on the $20 he is given by Mr. L. inasmuch as a ticket to North Carolina costs $100. Id. Plaintiff alleges that "this action violate the Due Process Clause of the 14th Amendment as well as the 8th Amendment. This is cruel and unusual punishment." Id. He seeks injunctive relief in the form of an order directing Mr. L to give plaintiff his check without deductions for rent and food. Id.

1

Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous if it "lacks an arguable basis either in law or in fact"; i.e., where it is "based on an indisputably meritless legal theory." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998). However, when a plaintiff is proceeding *pro se*, the complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

Discussion

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. To constitute state action, defendant's action must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of defendant Mr. L is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50; Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005) (Because the United States Constitution regulates only the government, not private parties, litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes "state action."). Here, plaintiff has not alleged facts to state a claim under § 1983 against Mr. L because Mr. L appears to be a private party whose conduct cannot be fairly attributed to the state. The Surf Manor Home for Adults where plaintiff resides is a privately-run adult care facility and not a government facility. Thus, plaintiff does not present a cognizable Fourteenth Amendment claim.[1]

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is hereby dismissed for the reasons set forth above. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: May 4, 2006
Brooklyn, New York

---

[1] Similarly, plaintiff does not present a cognizable Eighth Amendment claim. "[T]he Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, see Rhodes v. Chapman, 452 U.S. 337, 344-45 (1981), prohibits the infliction of 'cruel and unusual punishments' on inmates, US. Const. amend. VIII." Beckford v. Portuondo, 151 F.Supp.2d 204, 210 (N.D.N.Y. 2001). Plaintiff is neither incarcerated nor an inmate and therefore the Eighth Amendment does not apply here.